UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL ACOSTA,

        Plaintiff,

v.                                          Case No. 6:21-cv-145-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

**OPINION AND ORDER**[1]

## I. Status

Michael Acosta ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "tendon reattachment surgery in both knees," "diabetes," "high cholesterol," and "sleep apnea." Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed July 20, 2021, at 57, 70, 221 (some capitalization omitted). Plaintiff protectively filed an application for DIB

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed July 20, 2021; Reference Order (Doc. No. 19), entered July 22, 2021.

on February 21, 2019, alleging a disability onset date of December 31, 2017.[2] Tr. at 202-03. The application was denied initially, Tr. at 56-67, 68, 89-91, 92, and upon reconsideration, Tr. at 69-83, 84, 94-99, 100, 102-07, 108 (some duplicates).

On July 9, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[3] See Tr. at 29-50. On July 16, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-23.[4]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by Plaintiff's counsel. See Tr. at 4-5 (Appeals Council exhibit list and order), 199-201 (request for review), 277-79 (brief). On November 20, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 21, 2021, Plaintiff commenced this action through

---

[2] Although actually filed on February 22, 2019, see Tr. at 202, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 21, 2019, see, e.g., Tr. at 56, 69.

[3] The hearing was held telephonically, with Plaintiff's consent, due to the extraordinary circumstances presented by the early stages of the COVID-19 pandemic. Tr. at 31-32, 276.

[4] The administrative transcript also contains an ALJ's Order of Dismissal dated April 22, 2016 in which an earlier request for a hearing was dismissed by the ALJ. Tr. at 54-55. The April 2016 Order of Dismissal is not at issue here.

counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges 1) "[w]hether the ALJ needed to include all limitations opined by [examining physician Jaymie] Agsalud[, M.D.] in the [residual functional capacity ('RFC')] finding"; and 2) "[w]hether the ALJ adequately evaluated Plaintiff's subjective complaints of pain." Joint Memorandum (Doc. No. 27; "Joint Memo"), filed February 15, 2022, at 9, 19 (emphasis omitted). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-22. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since December 31, 2017, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: diabetes mellitus, degenerative joint disease of the bilateral knees with a history of remote tendon repair, obstructive sleep apnea, and obesity." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) except option to sit for 10 minutes after every 30 minutes of standing as long as not off task or away from the workstation. [Plaintiff] should not climb ladders, ropes, scaffolds, but could occasionally climb ramps/stairs and crouch, crawl, and kneel. [Plaintiff] could frequently stoop and balance, but only have

> occasional exposure to extreme cold, humidity, and vibration. [Plaintiff] should not work at unprotected heights.

Tr. at 18 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as a detective." Tr. at 21 (some emphasis and citation omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. Tr. at 21-22. After considering Plaintiff's age ("39 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 21 (some emphasis and citation omitted), such as "security guard," "office helper," and "cashier II." Tr. at 22. The ALJ concluded Plaintiff "has not been under a disability . . . from December 31, 2017, through the date of th[e D]ecision." Tr. at 22 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A. Dr. Agsalud's Opinion

Plaintiff argues the ALJ erred in finding the opinion of one-time examining physician Dr. Agsalud to be "well supported" but then allegedly failing to include all aspects of the opinion in the RFC, particularly the part addressing standing and walking. Joint Memo at 9-11; see Tr. at 20 (ALJ's

findings). Responding, Defendant contends the ALJ appropriately evaluated the opinion under the revised regulations, and in any event, the ALJ was not required to adopt all aspects of the opinion verbatim. Joint Memo at 15-19.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources" to include licensed physician assistants for the impairments within his or her licensed scope of practice). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[6] "[S]ection 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious." <u>Harner v. Soc. Sec. Admin., Comm'r</u>, 38 F.4th 892, 896 (11th Cir. June 27, 2022). Here,

---

[6] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

Plaintiff filed his DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

Dr. Agsalud examined Plaintiff on September 12, 2019 and authored a report documenting his findings. Tr. at 483-88; see also Tr. at 489-90 (detailed range of motion findings). Dr. Agsalud noted normal range of motion in Plaintiff's knee, hip, and ankle. Tr. at 487. Dr. Agsalud recognized that Plaintiff "has difficulty with mobility due to bilateral knee pain that has been progressive since his retirement from the police force." Tr. at 487. As far as limitations, Dr. Agsalud assigned the following: Plaintiff "has limitation in standing and are [sic] able to stand occasionally in an 8 hour work day." Tr. at 487. "Occasionally" is defined as "very little up to 1/3 total of an 8 hour work day." Tr. at 487. Plaintiff "has limitation in walking and are [sic] able to walk occasionally in an 8 hour work day." Tr. at 487. Finally, Plaintiff "ambulates with difficulty and uses assistive device, appeared to be helpful but was not required." Tr. at 487.

In the Decision, the ALJ specifically recognized the "occasional[]" limitations in standing and walking assigned by Dr. Agsalud, and the ALJ found the opinion to be "well supported by the accompanying assessment as well as the overall objective evidence of record." Tr. at 20. The ALJ noted specifically that, in an effort to account for the limitations assigned by Dr. Agsalud, she was

- 9 -

"incorporat[ing] an option to alternate to sitting for 10 minutes after every 30 minutes of standing." Tr. at 20.

Plaintiff takes issue with the ALJ's acceptance of Dr. Agsalud's opinion as "well supported" but then allegedly not including all limitations in the RFC. Joint Memo at 9. Specifically, Plaintiff contends the ALJ erred in assigning Plaintiff the ability to perform light work with additional limitations. Id. at 9-11. Plaintiff takes this position because "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," but Dr. Agsalud's finding of "occasional" standing and walking equates to only 1/3 of the workday each, or a "total of approximately 5.2 hours." Id. at 10 (citing SSR 83-10, 1983 WL 31251, at *6).

Plaintiff's argument fails. First, even the Social Security Ruling upon which Plaintiff relies states that the requirements for walking are "approximate[]"; the difference of only 0.8 hours between the doctor's assigned limitations and the ruling's approximate limitations is too negligible to be material. Second, the Regulation cited by the ALJ defines light work to require "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls" and "the ability to do substantially all of these activities" to be "capable of performing a full or wide range of light work." 20 C.F.R. § 404.1567(b). Dr. Agsalud's findings do not appear to be inconsistent with this definition. Third, and perhaps most importantly, the ALJ

further limited Plaintiff beyond the full requirements of light work—allowing for a sit/stand option—to account for Dr. Agsalud's assigned limitations. See Tr. at 20. The ALJ's findings are supported by substantial evidence.

### B. Subjective Complaints of Pain

Plaintiff argues the ALJ erred in evaluating his subjective complaints of pain. Joint Memo at 19-22. According to Plaintiff, the ALJ erred in finding his subjective complaints are inconsistent with the physical examinations, and the ALJ did not sufficiently discuss the factors to consider in evaluating pain complaints. Id. Responding, Defendant contends the ALJ adequately evaluated Plaintiff's subjective complaints, and substantial evidence supports the ALJ's findings. Id. at 22-28.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v.

Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[7]

Here, the ALJ recognized Plaintiff's assertions of how his pain affects him, including allegations of limited standing, sitting, and walking; using a cane; wearing a knee brace; and difficulty dressing. Tr. at 19 (citations omitted). The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 19. The ALJ then discussed the medical evidence, finding it "indicates [Plaintiff] is not as limited as alleged." Tr. at 19; see Tr. at 19-21. The ALJ recognized Plaintiff's reports that he takes "Tylenol as needed for pain" and "us[es] a cane at home on an as-needed basis" (relatively conservative methods), Tr. at 20, and contrasted those reports with a January 2020 medical note documenting that

---

[7] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Plaintiff's "gait was noted as non-antalgic, steady, and independent." Tr. at 20 (citing Ex. B12F at p. 15, located at Tr. at 514). While the ALJ could have addressed Plaintiff's subjective complaints in more detail, the failure to do so here was harmless. Further, the ALJ's reasons for finding Plaintiff is not as limited as he alleges are supported by substantial evidence.

## V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on July 26, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record